NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-3729
_____

JONATHAN A. BOTEY,
Appellant

v.

ROBERT D. GREEN;
CONWELL CORPORATION;
FFE TRANSPORTATION SERVICES, INC.

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
District Court No. 3-12-cv-01520
District Judge: The Honorable Robert D. Mariani

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
October 28, 2019

Before: SMITH, *Chief Judge*, HARDIMAN, and PHIPPS, *Circuit Judges*

(Filed: October 29, 2019)
_____

OPINION*

_____

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

SMITH, *Chief Judge*.

Jonathan Botey's sports utility vehicle collided with a tractor-trailer driven by Robert Green. The tractor-trailer was owned and/or leased by Conwell Corporation and FFE Transportation Services, Inc. Botey sustained serious injuries and sued Green, Conwell, and FFE, alleging negligence. The action was removed to the United States District Court for the Middle District of Pennsylvania. A jury found that Green was not negligent. As a result, the negligence claims against Conwell and FFE failed as a matter of law. After the District Court denied Botey's motion for a new trial, this timely appeal followed.[1] We will affirm.

Botey raises five issues. First, he contends that the District Court erred by admitting lay opinion testimony from eyewitnesses Derek Strauss and Gurjit Sanghera. Second, Botey argues that the District Court erred by allowing the defense to utilize at trial a videotape deposition of Strauss even though the defense could not satisfy the requirements of Federal Rule of Civil Procedure 32(a)(4) for unavailable witnesses. Third, Botey asserts the District Court erred by allowing defense counsel, who was not a medical practitioner, to determine which portions of Green's medical records were relevant to Green's diagnosis of dementia. Fourth, Botey claims that a new trial should be granted because the verdict was against the weight of the evidence. Finally, Botey submits the District Court erred by excluding evidence that Green, who Botey claims was suffering from dementia at the time of the accident, had been driving "off route" in the days leading up to the accident.

---

[1] The District Court exercised jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1441. We exercise jurisdiction under 28 U.S.C. § 1291.

Although we generally review a district court's denial of a motion for a new trial for abuse of discretion, we exercise plenary review over questions of law. *Klein v. Hollings*, 992 F.2d 1285, 1289 (3d Cir. 1993). Decisions to admit or exclude evidence are also generally reviewed for abuse of discretion, yet our review of a district court's application of a legal standard, such as the Federal Rules of Evidence or the Federal Rules of Civil Procedure, is plenary. *Lippay v. Christos*, 996 F.2d 1490, 1496 (3d Cir. 1993). When a litigant contends that a new trial is warranted because the verdict is against the weight of the evidence, however, our review is limited because

> [a] district court ought to grant a new trial on the basis that the verdict was against the weight of the evidence only where a miscarriage of justice would result if the verdict were to stand. . . . Where the subject matter of the litigation is simple and within a layman's understanding, the district court is given less freedom to scrutinize the jury's verdict than in a case that deals with complex factual determinations.

*Klein*, 992 F.2d at 1290.

Our review has been facilitated by the District Court's comprehensive 100-page opinion that accompanied the denial of Botey's new trial motion. The Court carefully analyzed each issue Botey raised and, in an abundance of caution, explained alternative grounds for denying Botey's motion. For substantially the reasons set out by the District Court, we conclude that the District Court did not commit legal error or abuse its discretion in denying the motion for a new trial. While Botey contends that the verdict is against the weight of the evidence, we disagree. The subject matter of this litigation was undeniably "within a layman's understanding." *Id.* Because the evidence presented at trial was "subject to two interpretations," the trial judge appropriately rejected Botey's contention

3

that the jury's verdict should be set aside.[2]  *See id.* at 1295.  We will affirm the judgment

of the District Court.

---

[2] Although we will affirm for substantially the reasons given by the District Court, we feel compelled to make two additional observations.  First, with regard to the District Court's ruling allowing the presentation of the videotape deposition of Strauss, we note that the District Court's factual findings regarding the circumstances that necessitated use of the videotape, particularly those pertaining to Appellant's counsel's credibility, are subject to clear error review.  *EBC, Inc. v. Clark Bldg. Sys., Inc.*, 618 F.3d 253, 273 (3d Cir. 2010). We conclude that there is no basis for disturbing those findings.  Indeed, in our view, the District Court wisely exercised its discretion in allowing the defense to utilize the videotape deposition.  Second, we note that Botey's challenge to the District Court's ruling regarding the redaction, subject to a privilege log, of Green's medical records, though set out as an issue in his opening brief, is not supported by any legal authority.  Accordingly, we deem the issue forfeited.  *See Kost v. Kozakiewicz*, 1 F.3d 176, 182 (3d Cir. 1993).